Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3202

| | |
|---|---|
| Ahmed Arif MOIN | Civil No. |
| Plaintiff, | PLAINTIFF'S ORIGINAL COMPLAINT PVT FOR WRIT IN THE NATURE OF MANDAMUS |
| -vs- | |
| Michael Chertoff, Secretary | |
| Emilio T. Gonzalez, Director, CIS | "Immigration Case" |
| Rosemary Melville, District Director | CIS NOs.   A076-358-460 |
| Frank Siciliano, Field Office Director | |
| Department of Homeland Security; | |
| Robert S. Mueller, Director | |
| Federal Bureau of Investigations | |
| Defendants. | |

COMES NOW Ahmed Arif MOIN, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                              1

## PARTIES

2. Plaintiff Ahmed Arif MOIN is a 33 year-old native and citizen of Iraq. He became a lawful permanent resident of the United States on April 6, 2000. He is married to a United States citizen, and is the father to two young United States citizen children.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction. Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and

this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

8. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.*, and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 260 E. Ferndale Avenue, Sunnyvale, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

12. All legal prerequisites having been satisfied, Plaintiff Moin filed his application for naturalization on June 4, 2003, with the USCIS.

COMPLAINT                                3

13. On July 19 2003, Plaintiff Moin had his fingerprints taken at the USCIS Application Support Center in San Jose.

14. On March 16, 2004, Plaintiff Moin attended his interview with the USCIS. He passed the civics and English requirement. He was told that a decision could not be made on his application.

15. Plaintiff Moin scheduled an INFOPASS appointment with the USCIS. He went to the USCIS on October 15, 2004, to inquire about his case.

16. On May 13, 2005, Plaintiff Moin made another INFOPASS appointment and went to the USCIS in person to inquire about his case.

17. On July 6, 2005, Plaintiff Moin went to have his fingerprints taken a second time at the USCIS Application Support Center in San Jose.

18. On May 5, 2006, Plaintiff Moin made an INFOPASS appointment and went to the USCIS to get an update on his case.

19. On December 28, 2006, Plaintiff Moin contacted the USCIS requesting a case status report on his case. In response, on December 29, 2006, the USCIS sent the Plaintiff a letter stating that the USCIS cannot move forward on his case because his background check had not been completed.

20. On May 16, 2007, Plaintiff Moin called the National Customer Service Center requesting an update on his case. He was informed by the service agent that his case was still pending because of background checks.

21. On May 16, 2007, the Plaintiff called the FBI in San Jose in an attempt to get an update. The San Jose FBI office forwarded the Plaintiff's call to the FBI's legal department in Washington D.C. The FBI informed the Plaintiff that his only options were to contact his senator, congressman, or to hire an attorney. The Plaintiff was then forwarded to a recorded message which stated that the FBI was not accepting phone calls, letters, or e-mails regarding cases with pending FBI clearances.

22. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have

COMPLAINT                                                4

made no decision on Plaintiff's application.

23. The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

24. Further, upon information and belief, following Mr. Moin's naturalization interview on March 16, 2004, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Moin. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

25. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Plaintiff Moin the right to vote and all other rights guaranteed to a United States citizen.

26. Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

## PRAYER

27. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

    (a) hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized,

    (b) award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

COMPLAINT             5

(c) grant such further relief at law and in equity as justice may require.

Dated: 6/15/07

Christina H. Lee
Attorney for Plaintiff

COMPLAINT                                   6